

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

November 18, 2021

**BY ECF**
Hon. Eric R. Komitee
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Sabino v. Ogle, 20-CV-5861 (EK) (JRC)

Dear Judge Komitee:

This Office represents Defendant in this case, former Senior Parole Officer James Ogle of the New York State Department of Corrections and Community Supervision ("DOCCS"). In accordance with the Court's Individual Rules, I write to respectfully request a pre-motion conference and set forth the basis for Defendant Ogle's proposed motion to dismiss under Fed. R. Civ. P. 12.

*Pro se* Plaintiff, currently an inmate in the New York City Department of Correction ("City DOC"), alleges that his underlying sentence reached its maximum expiration date on November 21, 2018, but that he was nonetheless arrested by the NYPD based on a parole warrant in May of 2019, that such a parole warrant was "fictitious" seemingly on the grounds that his underlying sentence had expired on November 18, 2018, and that he was detained in City DOC custody for seventy-two (72) days without ever seeing an administrative hearing officer before being released on August 15, 2019. See Compl. at 4.[1]

Defendants seek to move dismiss on each and every claim, pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that: (1) personal involvement by Defendant Ogle is not sufficiently alleged; (2) the Complaint fails to state a claim; and (3) any claims against Defendant Ogle personally are barred by qualified immunity.

### I.   Personal Involvement

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Personal involvement "requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply." Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove "that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

---

[1] Pin cites to the Complaint are by Electronic Case Filing (ECF) page number, as the allegations of the Complaint are not divided into paragraphs or numbered. Plaintiff is being provided with a ECF paginated copy of the Complaint.

Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020). In broad terms, Plaintiff's claims all arise from the belief that his arrest and detention was improper because the parole warrant was "fictitious" since his underlying sentence was scheduled to expire on November 21, 2018. See Compl. at 4. However, while Defendant Ogle did issue the parole warrant, he did so while Plaintiff's sentence was unquestionably still in effect three months earlier on August 23, 2018, as will be demonstrated by documents of which the Court may take on judicial notice or otherwise convert to summary judgment. Moreover, as a Senior Parole Officer, Defendant Ogle had no authority to cancel the parole warrant after it was issued. See 9 NYCRR § 8004.3(e)(1). The Complaint does not allege any involvement by Defendant Ogle beyond issuing the parole warrant, which was appropriate at the time it was issued, and thus it does not allege personal involvement by Defendant Ogle in any constitutional violations that may have occurred. See Tangreti, 983 F.3d at 618.

## II. Failure to State a Claim

### A. False Arrest

Of the four elements of false arrest, Plaintiff fails to state a claim against Defendant Ogle because the confinement was privileged at the time of Plaintiff's arrest. See Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003) (false arrest elements). "The inquiry ends, at least for purposes of the tort of false imprisonment, upon the finding that some form—any form—of confinement was legally permitted." McGowan v. United States, 94 F. Supp. 3d 382, 391 (E.D.N.Y. 2015), aff'd 825 F.3d 118 (2d Cir. 2016). When Defendant Ogle issued the parole warrant on August 23, 2018, Plaintiff still had three months unexpired on his sentence. See Compl. at 4. Likewise discussed above, Defendant Ogle had no power to cancel the parole warrant once it was issued. See 9 NYCRR § 8004.3(e)(1). As a matter of law, the declaration of delinquency and issuance of a parole warrant suspend the running of a sentence. See Penal Law § 70.45(d)(iii); Dupree v. Pough, 454 F. Supp. 2d 166, 171 (S.D.N.Y. 2006). Under New York law, the final declaration of delinquency, which does not occur until revocation, may establish the delinquency date retroactively, even if the underlying sentence has expired in the interim. See Warley v. Rodriguez, 145 A.D.2d 901, 901-02 (4th Dept. 1988). Accordingly, at the time Plaintiff was arrested the parole warrant was still interrupting the running of his sentence and the arrest was thus privileged. Therefore, even if Defendant Ogle was involved, Plaintiff's claim that he was falsely arrested by Defendant Ogle is insufficiently alleged.

### B. Due Process

Concerning the holding of a preliminary hearing, the U.S. Supreme Court holds that "due process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly as convenient after arrest while information is fresh and sources are available." Morrissey v. Brewer, 408 U.S. 471, 485 (1972). Calculating backwards from when Plaintiff claims to have been released and how long he claims to have been in custody, Plaintiff would have been taken into custody on June 4, 2019. See Compl. at 4. Plaintiff received a preliminary hearing fifteen days later on June 19, 2021, also reflected in documents subject to judicial notice, where the presiding officer vacated the warrant on non-substantive grounds relating to notice of the hearing. Accordingly, Plaintiff received all the process he was due, and regardless suffered no injury from the parole warrant or hearing thereupon, which was vacated at that time. Therefore, Plaintiff fails to state a due process claim.

### C. Wrongful Confinement

"Under New York law, the elements of a false imprisonment claim are: (1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (quotes omitted, brackets in original). As above, Defendant Ogle had no authority to cancel

the parole warrant once it was issued. See 9 NYCRR § 8004.3(e)(1); Tangreti, 983 F.3d at 616. Additionally, the Complaint fails to allege anything indicating that any delay in release was done intentionally by Defendant Ogle. See Vumbaca v. Terminal One Grp. Ass'n L.P., 859 F. Supp. 2d 343, 379 (E.D.N.Y. 2012). Similar to Vumbaca, the Complaint alleges nothing indicating that any detention beyond vacating the parole warrant was done by Defendant Ogle intentionally. In fact it alleges nothing indicating that any such detention was either by Defendant Ogle at all, or intentional by anyone. Therefore, Plaintiff fails to state a wrongful confinement claim against Defendant Ogle.

### III.  Qualified Immunity

Government officials are entitled to qualified immunity when either (1) the "official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to believe that her acts did not violate these clearly established rights. White v. Pauly, 137 S. Ct. 548, 551 (2017). "Qualified immunity thus affords government officials 'breathing room' to make reasonable—even if sometimes mistaken—decisions, and 'protects all but the plainly incompetent or those who knowingly violate the law' from liability for damages." DiStiso v. Cook, 691 F.3d 226, 240 (2d Cir. 2012) (citations omitted). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." Coollick v. Hughes, 699 F.3d 211, 221 (2d Cir. 2012) (internal quotation marks and citation omitted). "To be sure, a case directly on point is not required for a right to be clearly established. At the same time, existing precedent must have placed the statutory or constitutional question *beyond debate*." Liberian Cmty. Ass'n of Connecticut v. Lamont, 970 F.3d 174, 186 (2d Cir. 2020) (quotes and citations omitted, emphasis in original).

"Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (quotes and citation omitted). Here, however, the total extent of Defendant Ogle's actions was issuing the parole warrant on August 23, 2018 – three months before the date Plaintiff alleges his sentence was estimated to expire. See Compl. at 4. Likewise, Defendant Ogle was by operation of law not one of the people empowered to cancel an active parole warrant. See 9 NYCRR § 8004.3(e)(1). Plaintiff does not allege that Defendant Ogle had anything to do with keeping him in custody aside from issuing that August 23, 2018 parole warrant. See Compl. at 4. It cannot be reasonably said that it was "transgressing bright lines" for Defendant Ogle to issue a parole warrant at a time when the underlying sentence remained unexpired. Coollick, 699 F.3d at 221.

Accordingly, Defendant Ogle respectfully requests a pre-motion conference or, alternatively, a briefing schedule, on his proposed motion to dismiss.

Respectfully submitted,<br>
/s/ David T. Cheng<br>
David T. Cheng<br>
Assistant Attorney General<br>
David.Cheng@ag.ny.gov

cc:   Saul Sabino (via U.S. Mail)
      Anna M. Kross Center
      18-18 Hazen Street
      East Elmhurst, NY 11370
      *Plaintiff pro se*