

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small>
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MOSTAFA KHAIRY
*Assistant Corporation Counsel*
Phone: (212) 356-2105
Fax: (212) 356-3509
mkhairy@law.nyc.gov

September 8, 2022

**BY ECF**
Honorable Eric Komitee
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Saul Sabino v. Chairperson of Division of NYS Parole, et al.,
     20-CV-5861 (EK) (JRC)

Your Honor:

  I am the attorney in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. The City writes in opposition to plaintiff's September 7, 2022 letters requesting an entry of a default judgment against defendant City of New York. See Civil Docket Sheet, Entry Nos. 41, 42. For the reasons set forth herein, plaintiff's request should be denied.

  By way of background, on November 30, 2020, plaintiff commenced this lawsuit against the City of New York, former Mayor Bill DeBlasio, and several New York State entities and employees. See Civil Docket Sheet, Entry No. 1. On June 22, 2021, the Hon. Roslynn R. Mauskopf issued an order dismissing, *inter alia*, the City of New York stating, "[n]o summons shall issue as to these defendants and the Clerk of Court shall terminate these defendants from this action." Id. at Entry No. 6. The sole remaining defendant in the action at that time was an unidentified New York State parole officer. Id. Thus, the City of New York ceased to have any involvement in this action at that time.

  Thereafter, on May 17, 2022, Your Honor scheduled a conference to discuss plaintiff's access to the Anna M. Kross Center's ("AMKC") law library, and directed that an official from the Department of Correction ("DOC") attend. Having received notice of the upcoming conference, the undersigned filed a Notice of Appearance on behalf of the City of New York as an interested party. Id. at Entry No. 25. On May 26, 2022, the parties attended a conference to discuss plaintiff's access to the law library, which marked the first time the City of

New York, or its employees, had any involvement in this matter. Id. at Entry No. 29. At that conference, plaintiff notified the Court that he intended to file an Amended Complaint. Id. In response, the undersigned informed the Court that the City was never served in this action, but would respond to the Amended Complaint in the event that it raised any claims against the City and the City was properly served with process. Id. As such, the Court granted plaintiff leave to file an Amended Complaint, and ordered that defendants respond to any such amended Complaint by August 5, 2022. Id.

Following another extension to allow plaintiff to file his Amended Complaint, on July 5, 2022, rather than file the Amended Complaint, plaintiff filed a motion for leave to file his Amended Complaint. Id. at Entry No. 31. In response, the Court reminded plaintiff that the Court had already granted him leave to file an Amended Complaint, and directed plaintiff to file his Amended Complaint no later than August 9, 2022. Id. at Entry dated July 26, 2022. No deadline for the defendants to respond to the Amended Complaint was set at that time. See id.

Thereafter, on August 8, 2022, plaintiff informed the Court that his July 5, 2022 submission to the Court was intended to be his Amended Complaint, and not a motion requesting leave to file such. Id. at Entry No. 33. In response, on August 17, 2022, the Court deemed the documents filed by plaintiff on July 5, 2022 to be his Amended Complaint. Id. at Entry dated August 17, 2022. By that same order, the Court directed the Clerk of the Court to "prepare and issue an amended summons" and for the United States Marshals Service to serve the amended summons and complaint upon the City of New York. Id.

On August 23, 2022, the City was electronically served with process by the United States Marshals Service.[1] Since defendant City of New York was dismissed at the outset of this case by Judge Mauskopf (see Civil Docket Sheet, Entry No. 6), without ever having been served, pursuant to Rule 12(a)(1)(i) defendant City of New York has twenty-one (21) days after being served with process to respond to the Amended Complaint. Thus, the City's response to the Amended Complaint is not due until September 13, 2022.

Accordingly, for the reasons set forth herein, plaintiff's request for the entry of a default judgment against the City should be denied, as the City has until September 13, 2022 to respond to the Amended Complaint.

---

[1] To date, no affidavit of service has been filed by the United States Marshals Service. See generally Civil Docket Sheet.

- 3 -

The City thanks the Court for its consideration herein.

Respectfully submitted,

*Mostafa Khairy* /s/
Mostafa Khairy
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **BY U.S. MAIL**
Saul Sabino #3492101344
Anna M. Kross Center
18-18 Hazen Street
East Elmhurst, NY 11370
*Plaintiff Pro Se*

**BY ECF**
Andrew Blancato
New York State Office of the Attorney General
*Attorney for Defendant James Ogle*