UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
SAUL SABINO,                                  :
                                                                 20-CV-5861 (EK) (JRC)
              Plaintiff,           :

     -against-                               :

JAMES OGLE, et al.,                            :

              Defendant.         :
------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ................................................................................................... iii
**PRELIMINARY STATEMENT** ............................................................................................... 1
**ARGUMENT** ................................................................................................................................ 2
    **POINT I: THE COMPLAINT SHOULD BE DISMISSED AS IT FAILS TO SUFFICIENTLY ALLEGE PERSONAL INVOLVEMENT BY DEFENDANT OGLE** .. 3
    **POINT II: DEFENDANT OGLE IS ENTITLED TO QUALIFIED IMMUNITY** ............ 5
    **POINT III: PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM** ...................... 7
**CONCLUSION** ............................................................................................................................ 7

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Anderson v. Creighton*,
    483 U.S. 635 (1987)..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................7

*McLennon v. Vorraro*,
    13-CV-128, 2015 WL 1475819 (March 31, 2015) ..................................................2

*Podlach v. Vill. of Southampton*,
    14-CV-6954, 2016 U.S. Dist. LEXIS 23308 (Jan 7, 2016) .....................................2

*Smith v. Corp. of Washington*,
    61 U.S. 135 (1857)....................................................................................................4

*Smith v. Duquesnay*,
    No. 07 CV 2795 RJD LB, 2012 WL 1116450 (E.D.N.Y. Mar. 30, 2012) ...............3

*Tenenbaum v. Williams*,
    193 F.3d 581 (2d Cir. 1999).....................................................................................6

*White v. Pauly*,
    137 S. Ct. 548 (2017)................................................................................................6

**STATE REGULATIONS**

9 NYCRR
    § 8004.2(g)................................................................................................................4
    § 8004.3(e)(1) ..........................................................................................................6

**RULES**

FED. RULES. CIV. PROC., R. 5.2 ...................................................................................5

Local Civil Rule 12.1 ......................................................................................................2

Rule 56 ............................................................................................................................2

## PRELIMINARY STATEMENT

This reply memorandum is submitted on behalf of defendant JAMES OGLE ("defendant") in further support of his motion to dismiss plaintiff SAUL SABINO's ("plaintiff") Amended Complaint[1] ("Amen. Compl."). Plaintiff, a previously incarcerated individual,[2] was released into parole supervision by the New York State Department of Corrections and Community Supervision ("DOCCS") on July 18, 2018. Plaintiff was then arrested by the NYPD in May of 2019 on an outstanding parole warrant. Plaintiff claims this warrant was "fictitious," as the maximum expiration date for his criminal sentence was November 21, 2018. See Compl. at 4. Thereafter, plaintiff claims that he was detained in the New York City Department of Correction (City DOC) custody for seventy-two (72) days before being released on August 15, 2019, for reasons not known to Plaintiff.

Defendant moved to dismiss plaintiff's Amended Complaint on August 10, 2022 arguing that (1) defendant Ogle was not personally involved in any allegedly unlawful conduct; (2) The Eleventh Amendment bars official capacity claims; (3) the Complaint fails to state a claim upon which relief can be granted; and (4) any claims against defendant Ogle in his personal capacity are barred by qualified immunity. Plaintiff filed opposition on September 7, 2022, arguing that defendant's motion was redundant, it purportedly contradicted the previous posture taken by defendant's prior handling attorney, David Cheng, and because the personal involvement of

---

[1] Plaintiff's complaint filed on November 30, 2020 ("Complaint" or "Compl") contains allegations not duplicated in the Amended Complaint. In fact, plaintiff fails to refer to Defendant Ogle in the Amended Complaint at all. Consequently, defendant will generally cite to the Amended Complaint but where necessary, Defendant will cite to the paragraphs or page numbers of the Complaint which concern Defendant Ogle.

[2] Plaintiff has since been re-arrested on unrelated charges and is currently being held in DOC custody at the Anna M. Kross Center in East Elmhurst, New York.

1

defendant Ogle could be deduced from the Book and Case number on Plaintiff's Parole Revocation Hearing Notification, which was allegedly redacted deceitfully by the undersigned.

The allegations made in plaintiff's opposition brief are inaccurate and his Amended Complaint must be dismissed. Defendant filed the subject motion to dismiss in good faith. Plaintiff's substantive allegation that the book and case number demonstrates the personal involvement of defendant Ogle is incorrect, as this number is assigned by City DOC rather than the employing agency of defendant Ogle, New York State DOCCS.

## ARGUMENT

As an initial matter, it must be disclosed that notwithstanding noting in the moving brief that he would be doing so, (see Moving Brief at 12 n. 7), defendant inadvertently failed to serve plaintiff with a separate notice pursuant to Local Rule 12.1 that defendant filed additional materials to his motion to dismiss that were outside the pleadings, which might result in conversion of the motion to dismiss to one for summary judgment. We apologize to the Court and the plaintiff for this oversight. Should this Court find conversion of this 12(b) motion to a Rule 56 motion appropriate, the movant will serve and file the notice within fourteen days of the Court's ruling as provided in Local Civil Rule 12.1. If this Court decides conversion is not appropriate, defendant respectfully requests this Court take judicial notice of the findings within the exhibits annexed to the underlying motion, as they do not appear to be in dispute. See McLennon v. Vorraro, 13-CV-128, 2015 WL 1475819 (March 31, 2015) ("on a motion to dismiss, a court may consider . . . matters of which judicial notice may be taken"); see also, Podlach v. Vill. of Southampton, 14-CV-6954, 2016 U.S. Dist. LEXIS 23308 (Jan 7, 2016)

2

(granting motion to dismiss in part over objection of Plaintiff that failure to provide 12.1 notice served as independent basis for denying Defendants' motion). [3]

As a secondary matter, defendant respectfully requests that this Court accept this Reply Brief as timely, *nunc pro tunc*. As indicated in defendant's letter to the Court dated September 2, 2022 (ECF # 39), a deadline for defendant to respond to plaintiff's Amended Complaint was established by the Court (ECF # 30 – Order) but a briefing schedule for a motion to dismiss was not. To err on the side of caution, the undersigned filed the underlying motion to dismiss on August 10, 2022 to comply with the aforementioned deadline. As the Court's individual rules contemplate a Court ordered briefing schedule, which Defendant requested in the aforementioned September 2 letter, in the absence of any prejudice to plaintiff, defendant respectfully requests that this brief be deemed timely.

### POINT I: THE COMPLAINT SHOULD BE DISMISSED AS IT FAILS TO SUFFICIENTLY ALLEGE PERSONAL INVOLVEMENT BY DEFENDANT OGLE

Plaintiff's claim against defendant Ogle should be dismissed because defendant was not personally involved in the alleged Constitutional deprivation that occurred as a result of his extended incarceration. As provided in the underlying motion, defendant Ogle signed plaintiff's parole warrant on August 23, 2018 when it was valid as plaintiff still owed time to his criminal sentence. See Memo in Supp., pp. 5 – 6; Smith v. Duquesnay, No. 07 CV 2795 RJD LB, 2012 WL 1116450, at *3 (E.D.N.Y. Mar. 30, 2012) ("when a person under parole supervision is declared delinquent and re-incarcerated, 'the declaration of delinquency shall interrupt the person's sentence as of the date of the delinquency and such interruption shall continue until the return of the person to an institution under the jurisdiction of the state department of corrections and

---

[3] Defendant has no objection to allowing Plaintiff to submit sur-reply papers should Plaintiff claim any prejudice to this submission.

3

community supervision'"). Defendant had no obligation to cancel the warrant after it was lifted pursuant to the June 19, 2019 parole revocation hearing because he did not have the authority to do so. See 9 NYCRR § 8004.2(g) ("at any time after the issuance of a warrant for retaking and temporary detention, and before the preliminary hearing or waiver thereof, an officer of the division assigned to field service and holding a title above senior parole officer, after consultation with the designated officer issuing the warrant, may report in writing such circumstances concerning the warrant as are relevant to a board member who may then vacate the warrant"). Because defendant Ogle had no authority to cancel the parole warrant after he issued it on August 23, 2018, and plaintiff's sentence still had three months remaining at that point, he cannot be responsible for what was done with it after it was issued. See Smith v. Corp. of Washington, 61 U.S. 135, 148 (1857) ("not liable to damages where they have committed no wrong, but have fulfilled a duty imposed on them by law as agents of the public").

In opposition, plaintiff suggests that the book and case number on the decision from his June 9, 2019, preliminary parole revocation hearing reflects notification of his arrest (Blancato Decl., Ex #D, Exhibit Hearing Outcome Notification), thereby suggesting the personal involvement of defendant Sabino. See Sabino Opp., ¶ 4 ("the book and case number "credited 72 days of [illegal – unconstitutional] detention" by defendant City of New York, FOIL release to Plaintiff and "file" with Plaintiff's Amended Complaint dated June 28, 2022 Exhibit A page 2 of 2, this creates a "direct participation" by Defendant James Ogle") (brackets and quotations in original). Plaintiff further suggests that the redaction of Plaintiff's book and case number by the undersigned was done "in bad faith." Sabino Opp., ¶ 4.

Plaintiff's argument is misguided. Plaintiff's book and case number is an identification number created by DOC, a fact which he acknowledges. Id. ("[T]he identification number

4

provided by the City of New York Department of Correction . . ."). Plaintiff's argument that the number somehow demonstrates defendant Ogle's participation, an employee of DOCCS not DOC, is conclusory and without support. Notably, plaintiff does not contend that defendant Ogle was present at the hearing of June 19, 2019, but merely that Ogle's "direct participation" in his incarceration may be inferred from the redaction of the book and case number. However, this inference is not reasonable because the fact that the hearing occurred on Rikers Island, City DOCS's detention facility, is unredacted, as was the fact that the addressee of the decision was City DOC itself, so there was no coverup of the fact that plaintiff was in City DOCS's custody, the apparent basis for plaintiff's unreasonable inference.

Furthermore, the book and case number was not redacted in bad faith. The undersigned redacted this information based on the assumption that it was personal identifying information akin to a social security number or a department identification number ("DIN") used to track inmates, and therefore was required to be redacted. See FED. RULES. CIV. PROC., R. 5.2. Nonetheless, and as plaintiff points out, an unredacted version of this same document was actually uploaded to this docket by the previous Assistant Attorney General representing Defendant on February 16, 2022 (ECF # 19) in response to the Court's February 9, 2022 order (ECF #18). In any event, the undersigned did not believe that the book and case number was material, and, as explained above, its redaction does not support plaintiff's contention that defendant Ogle was involved in the matter following the issuing of the warrant.

### POINT II: DEFENDANT OGLE IS ENTITLED TO QUALIFIED IMMUNITY

Even if defendant Ogle is deemed to have substantial personal involvement in plaintiff's alleged constitutional deprivation, he is entitled to qualified immunity. Government officials are entitled to qualified immunity when either (1) the "official's conduct 'does not violate clearly

5

established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to believe that her acts did not violate these clearly established rights. White v. Pauly, 137 S. Ct. 548, 551 (2017); Tenenbaum v. Williams, 193 F.3d 581, 596 (2d Cir. 1999).

As discussed above, the total extent of defendant Ogle's actions was issuing the parole warrant on August 23, 2018 – three months before the date plaintiff alleges his sentence was estimated to expire. See Compl. at 4; Blancato Dec. **Ex. A**. Likewise, as a Senior Parole Officer, defendant Ogle was by operation of law not one of the people empowered to cancel an active parole warrant, even if he was aware of plaintiff's arrest, which is not alleged. See 9 NYCRR § 8004.3(e)(1). Defendant Ogle was not involved in the parole revocation hearing process that ultimately cancelled the warrant. See Blancato Dec. **Ex. B; Ex. C; Ex. D**. Even assuming that defendant Ogle had the ability to personally cancel the parole warrant after it was vacated, his failure to do so was not sufficiently established to have "placed the statutory or constitutional question *beyond debate*" and make defendant Ogle's actions "transgressing bright lines." Liberian Cmty. Ass'n of Connecticut, 970 F.3d at 186 (emphasis in original); Coollick, 699 F.3d at 221. Anderson v. Creighton, 483 U.S. 635, 639 (1987) ("whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken"); Liberian Cmty. Ass'n of Connecticut, 970 F.3d at 186 ("when the general rule of qualified immunity is applicable, officials can know that they will not be held personally liable as long as their actions are reasonable in light of current American law").

Plaintiff did not submit opposition to defendant Ogle's entitlement to qualified immunity, nor did he provide rationale for why Ogle is personally involved in this matter apart from those reasons related to plaintiff's book and case number. See generally, Sabino Opp. For this reason and for the reasons stated above, defendant Ogle should be dismissed from this action.

### POINT III: PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM

Even construing the *pro se* Complaint liberally, plaintiff's factual allegations are almost exclusively conclusory recitations, and thus are insufficient to state a plausible claim pursuant to Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007) and I Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Plaintiff failed to oppose this portion of defendant's motion to dismiss in his opposition papers. See generally, Sabino Opp.

### CONCLUSION

For the reasons set forth in the moving brief and this Reply Memorandum of Law, Defendant respectfully requests that the Court grant its motion to dismiss Plaintiff's Complaint in its entirety and enter judgment dismissing all of the claims in this action, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York

September 22, 2022

        Respectfully submitted,

        LETITIA JAMES
        Attorney General of the
        State of New York
        <u>Attorney for Defendant</u>
        By:

        <u>*/s/ Andrew Blancato*</u>
        Andrew Blancato
        Assistant Attorney General
        28 Liberty Street
        New York, NY 10005
        (212) 416- 6359

To:

Saul Sabino
# 3492101344
Anna M. Kross Center
18-18 Hazen Street
East Elmhurst, NY 11370
347-496-9524
PRO SE

Mostafa Khairy
New York City Law Department
Special Federal Litigation Division
100 Church Street, Room 3-215
New York, NY 10007
212-356-2105
mkhairy@law.nyc.gov