UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SAUL SABINO,                                          :
                                                      :
                              Plaintiff,              :
                                                      :
- against -                                           :         20-CV-5861 (EK) (JRC)
                                                      :
JAMES OGLE, CITY OF NEW YORK,                         :
                                                      :
                              Defendants.             :
------------------------------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE AMENDED COMPLAINT**

                                                    LETITIA JAMES
                                                    Attorney General of the
                                                    State of New York
                                                    Attorney for Defendants
                                                    28 Liberty Street
                                                    New York, NY 10005
                                                    Tel. No. (212) 416-8550

                                                    Date of Service: August 4, 2023


Andrew Blancato
Assistant Attorney General
*of counsel*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ i
PRELIMINARY STATEMENT ........................................................................................ 1
ALLEGATIONS ................................................................................................................ 2
STANDARD OF REVIEW ................................................................................................ 3
ARGUMENT ..................................................................................................................... 4
POINT I ............................................................................................................................. 4
DEFENDANT OGLE WAS PRIVILEGED IN ISSUING PLAINTIFF'S PAROLE WARRANT AND THEREFORE CANNOT BE HELD LIABLE FOR HIS ARREST AND INITIAL INCARCERATION ........................................................................................... 4
    Defendant Ogle Maintains Absolute Immunity in Initiating Parole Revocation Proceedings ................................................................................................................... 5
    Plaintiff's Parole Warrant Was Valid ........................................................................... 6
POINT II ............................................................................................................................ 7
THE OPERATIVE COMPLAINT DOES NOT SUFFICIENTLY ALLEGE DELIBERATE INDIFFERENCE BY DEFENDANT OGLE IN PLAINTIFF'S DETENTION FOLLOWING HIS PAROLE REVOCATION HEARING ........................... 7
POINT III ........................................................................................................................... 9
ANY CLAIMS AGAINST DEFENDANT OGLE IN HIS PERSONAL CAPACITIES ARE BARRED BY QUALIFIED IMMUNITY ........................................................................... 9
POINT IV ......................................................................................................................... 11
THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS ......................................................................................................................................... 11
POINT V .......................................................................................................................... 12
PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF APART FROM EIGHTH AMENDMENT VIOLATIONS ........................................................................................ 12
CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Akran v. United States,
   997 F. Supp. 2d 197 (E.D.N.Y. 2014), aff'd 581 F. App'x 46 (2d Cir. 2014) ..........................5

Albergottie v. City,
   08 Civ. 8331, 2011 U.S. Dist. LEXIS 155801 (S.D.N.Y. Feb. 15, 2011) ................................6

Anderson v. NYS Div. of Parole,
   546 F. Supp. 816 (S.D.N.Y. 1982) ..........................................................................................5

Ashcroft v. al-Kidd,
   563 U.S. 731 (2011)...............................................................................................................10

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)................................................................................................................3

ATSI Commc'ns Inc. v. The Shaar Fund, Ltd.,
   493 F.3d 87 (2d Cir. 2007)......................................................................................................3

Ayers v. Coughlin,
   780 F.2d 205 (2d Cir. 1985)....................................................................................................8

Baez v. JetBlue Airways Corp.,
   793 F.3d 269 (2d Cir. 2015)....................................................................................................5

Barnum v. Millbrook Care Ltd.,
   850 F. Supp. 1227 (S.D.N.Y. 1994).........................................................................................4

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007)............................................................................................................3, 4

Davidson v. Cannon,
   474 U.S. 344 (1986)...............................................................................................................12

Dickerson v. Napolitano,
   604 F.3d 732 (2d Cir. 2010)....................................................................................................5

Farid v. Smith,
   850 F.2d 917 (2d Cir. 1988)...................................................................................................11

Francis v. Fiacco,
    942 F.3d 126 (2d Cir. 2019)..................................................................................................7

Hardy v. Fisher,
    701 F. Supp. 2d 605 (S.D.N.Y. 2010)..................................................................................6

Hayden v. Paterson,
    594 F.3d 150 (2d Cir. 2010)..................................................................................................3

Hurd v. Fredenburgh,
    984 F.3d 1075 (2d Cir. 2021)..................................................................................... *passim*

Island Software & Computer Serv., Inc. v. Microsoft Corp.,
    413 F.3d 257 (2d Cir. 2005)..................................................................................................4

Kentucky v. Graham,
    473 U.S. 159 (1985)............................................................................................................11

Kingsley v. Hendrickson,
    576 U.S. 389 (2015)............................................................................................................12

Kramer v. Time Warner Inc.,
    937 F.2d 767 (2d Cir. 1991)..................................................................................................4

Lynch v. Ackley,
    811 F.3d 569 (2d Cir. 2016)................................................................................................10

Matzel v. Annucci,
    64 F.4th 425 (2d Cir. 2023) ................................................................................................11

McGowan v. United States,
    94 F. Supp. 3d 382 (E.D.N.Y. 2015), aff'd 825 F.3d 118 (2d Cir. 2016)..................................5

Pearson v. Callahan,
    555 U.S. 223 (2009)............................................................................................................10

Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v.
    Morgan Stanley Inv. Mgmt. Inc.,
    712 F.3d 705 (2d Cir. 2013)..................................................................................................3

Perkins v. Presley,
    18-cv-03590, 2022 U.S. Dist. LEXIS 45006 (S.D.N.Y. Mar. 14, 2022)................................12

Prevost v. City of New York,
    No. 13-CV-3760 (VEC), 2015 WL 9460139 (S.D.N.Y. Dec. 22, 2015)..................................5

Rothman v. Gregor,
    220 F.3d 81 (2d Cir. 2000)....................................................................................................4

Savino v. City of New York,
    331 F.3d 63 (2d Cir. 2003)..................................................................................................4

Scotto v. Almenas,
    143 F.3d 105 (2d Cir. 1998)................................................................................................5

Smith v. Duquesnay,
    07 CV 2795, 2012 WL 1116450 (E.D.N.Y. Mar. 30, 2012) .....................................................6

Southerland v. City of NY,
    680 F.3d 127 (2d Cir. 2012)..............................................................................................12

Sowell v. Annucci,
    22-CV-6538, 2023 U.S. Dist. LEXIS 109345 (S.D.N.Y. June 26, 2023) ..............................5,6

Tenenbaum v. Williams,
    193 F.3d 581 (2d Cir. 1999)..............................................................................................10

Terebesi v. Torreso,
    764 F.3d 217 (2d Cir. 2014)..............................................................................................10

Uviles v. City of NY,
    19-cv-3911, 2023 U.S. Dist. LEXIS 79012 (E.D.N.Y. May 5, 2023)......................................13

Warley v. Rodriguez,
    145 A.D.2d 901 (4th Dept. 1988) .......................................................................................7

White v. Pauly,
    137 S. Ct. 548 (2017).......................................................................................................10

**CONSTITUTIONAL PROVISIONS**

U.S. Const. amend. XIV
    § 1..................................................................................................................................12

**STATE STATUTES**

N.Y. EXEC. LAW
    § 259-i(3)(c)(i) ................................................................................................................13

Penal Law
    § 70.45(5)(d)(iii) ...............................................................................................................6

**FEDERAL STATUTES**

42 U.S.C. § 1983................................................................................................................ *passim*

```
```

**RULES**

Federal Rules of Civil Procedure
    Rule 12(b)(6) ...................................................................................................................4

## PRELIMINARY STATEMENT

Defendant James Ogle, a Senior Parole Officer ("SPO") with the New York State Department of Corrections and Community Supervision ("DOCCS"), respectfully submits this memorandum of law in support of his motion to dismiss the Second Amended Complaint ("Operative Complaint" or Op. Compl."), filed July 17, 2023 (Dkt. #92) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Saul Sabino, a *pro se* incarcerated individual ("I/I"), originally brought this civil rights action under 42 U.S.C. § 1983 against the chair of the Board of Parole, the City of New York, the Mayor of New York City, and an unnamed former DOCCS employee. This Court dismissed all defendants *sua sponte* except for the City of New York[1] and the former DOCCS employee who was later identified as SPO Ogle, whom the Court directed to be added to the caption without an amendment to the Complaint. See Dkt. ## 6, 8, August 9, 2021 Order. Plaintiff then amended his Complaint twice – first on July 5, 2022 (Dkt. # 37) and most recently on July 17, 2023 (Dkt #92), naming SPO Ogle and the City of New York as the only defendants.

In the Operative Complaint, Plaintiff claims that the New York City Police Department ("NYPD") falsely arrested him under an "illegal and invalid" parole warrant issued by Defendant Ogle. Op. Compl., ¶ 7. Plaintiff further alleges that because he remained in New York City Department of Correction ("DOC") custody even after his parole warrant was lifted by the hearing officer at his preliminary hearing on June 19, 2019, Defendant Ogle and the City of New York falsely imprisoned him. Id. at ¶¶ 12 – 14.

---

[1] The City of New York ("City") was dismissed but pursuant to the Court's February 9, 2022 Order, this Court granted Plaintiff permission to re-name the City of New York as a party which Plaintiff did in his Amended Complaint filed on July 5, 2022.

1

The Operative Complaint should be dismissed against Defendant Ogle because (1) Defendant Ogle was privileged in issuing the parole warrant; (2) Plaintiff does not plead facts sufficient to demonstrate the deliberate indifference of Defendant Ogle in Plaintiff's prolonged detention; (3) any claims against Defendant Ogle in his personal capacity are barred by qualified immunity, (4) the Eleventh Amendment bars official capacity claims; and (5) Plaintiff fails to state a claim for relief apart from an Eighth Amendment violation.

## ALLEGATIONS

On July 18, 2018, Plaintiff was released from Franklin Correctional Facility into parole supervision.[2] Plaintiff was then arrested by the NYPD on June 4, 2019 for an active parole warrant allegedly initiated by Defendant Ogle. Op. Compl., ¶ 6. Plaintiff alleges the warrant was "illegal and invalid" because Plaintiff's maximum expiration date for his criminal sentence was November 21, 2018 and had therefore already passed. Id. at ¶ 7. Nonetheless, Plaintiff was detained and taken to the Anna M. Kross Center ("AMKC") on Riker's Island that same day. Id. at ¶ 9. Later that week, Plaintiff allegedly contacted both his parole officer and his senior parole officer, Defendant Ogle, and explained that he had been unlawfully imprisoned. Id. Defendant Ogle allegedly responded that he "promised to fix the unlawful imprisonment and have Plaintiff released immediately." Id. Plaintiff argues that Defendant Ogle had the power to vacate the warrant but failed to do so. Id at ¶ 12.

On June 19, 2019, a preliminary parole revocation hearing was held in Plaintiff's case, and the officer presiding over the hearing determined the parole warrant to be improperly served, and "lifted" or vacated the warrant. Id. at 14. Despite the finding, Plaintiff was not actually released by DOC until August 14, 2019. See id. at ¶ 19(B)(1). Plaintiff files this action seeking

---

[2] Plaintiff has since been re-arrested and is currently serving a criminal sentence in Franklin Correctional Facility.

2

money damages for the emotional injuries he allegedly received as the result of spending seventy-two days (72) unlawfully imprisoned from June 4, 2019 to August 14, 2019.  Id.

## STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff must assert claims that are recognized by law and plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007); see also ATSI Commc'ns Inc. v. The Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  Conclusory allegations are not entitled to the assumption of truth because "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. More than an "unadorned, the-defendant-unlawfully-harmed-me accusation" is required.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint must state a claim "that is plausible on its face."  Iqbal, 556 U.S. at 678. Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 678).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

Courts follow a "two pronged approach" to determine plausibility.  Id. "First, although a complaint need not include detailed factual allegations, it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'"  Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  Second, "a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010) (quoting Iqbal, 556 U.S. at 679).  If the

3

plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [his or her] complaint must be dismissed." Twombly, 550 U.S. at 570.

In deciding a motion under Rule 12(b)(6), a court may consider documents appended to the complaint or incorporated by reference, public records, and documents "that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000). The court is not required to accept as true allegations in the complaint contradicted by such documents. See Barnum v. Millbrook Care Ltd., 850 F. Supp. 1227, 1232-33 (S.D.N.Y. 1994). Courts may additionally "consider matters of which judicial notice may be taken" on a Rule 12(b)(6) motion to dismiss. Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991); Island Software & Computer Serv., Inc. v. Microsoft Corp., 413 F.3d 257, 261 (2d Cir. 2005) ("a court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned") (internal quotations omitted).

## ARGUMENT

### POINT I

**DEFENDANT OGLE WAS PRIVILEGED IN ISSUING PLAINTIFF'S PAROLE WARRANT AND THEREFORE CANNOT BE HELD LIABLE FOR HIS ARREST AND INITIAL INCARCERATION**

To establish a false arrest claim, a plaintiff must show that: (1) the defendant intentionally confined the plaintiff; (2) the plaintiff was aware of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). Confinement is "privileged" or "justified" when there is probable cause for it. Id. at 76. "'Probable cause is a complete defense to any action for false arrest or malicious prosecution in New York,' and, by

4

extension, a defense to liability under Section 1983." Prevost v. City of New York, No. 13-CV-3760 (VEC), 2015 WL 9460139, at *2 (S.D.N.Y. Dec. 22, 2015) (citation omitted, quoting Dickerson v. Napolitano, 604 F.3d 732, 751 (2d Cir. 2010)).

Probable cause is not the only way to establish a privilege. See, e.g., Baez v. JetBlue Airways Corp., 793 F.3d 269, 274 (2d Cir. 2015) (detention privileged because of statutory immunity); Akran v. United States, 997 F. Supp. 2d 197, 206 (E.D.N.Y. 2014) (privileged deportation detention until citizenship was proved because it was the plaintiff's burden to prove citizenship), aff'd 581 F. App'x 46 (2d Cir. 2014). "The inquiry ends, at least for purposes of the tort of false imprisonment, upon the finding that some form—any form—of confinement was legally permitted." McGowan v. United States, 94 F. Supp. 3d 382, 391 (E.D.N.Y. 2015), aff'd 825 F.3d 118 (2d Cir. 2016).

Defendant Ogle Maintains Absolute Immunity in Initiating Parole Revocation Proceedings

Parole officers have absolute immunity for "judicial acts" and "acts that are prosecutorial in nature." Sowell v. Annucci, 22-CV-6538, 2023 U.S. Dist. LEXIS 109345 at *16–17 (S.D.N.Y. June 26, 2023) (quoting Scotto v. Almenas, 143 F.3d 105, 110 (2d Cir. 1998)). Included in these acts are decisions to "revoke parole" as well as "initiate[] parole revocation proceedings." Scotto, 143 F.3d at 111-12; see also, Anderson v. NYS Div. of Parole, 546 F. Supp. 816, 825 (S.D.N.Y. 1982) ("the officers who initiate and present the [parole revocation] case against the releasee are engaging in quasi-prosecutorial conduct").

Parole revocation is precisely the allegation Plaintiff makes against Defendant Ogle in the first section of his Operative Complaint. Plaintiff claims Defendant Ogle "unlawfully and wrongfully initiated the parole warrant that had wrongfully and illegally imprisoned Plaintiff . . ." Op. Compl. ¶ 10. Defendant does not contest this allegation. Attached to the Declaration of Andrew Blancato hereto as **Exhibit A** is a copy of parole warrant 803096 dated August 23, 2018

5

and signed by Defendant SPO James Ogle, the same warrant that was the subject of Plaintiff's preliminary hearing on June 19, 2019. Compare Op. Compl., p. 9 with Blancato Decl., **Ex. A**. Defendant Ogle initiated Plaintiff's parole revocation, as demonstrated by the parole warrant itself, but because these acts are "judicial" or "prosecutorial in nature," they cannot serve as a basis for liability. Sowell, 2023 U.S. Dist. LEXIS at *17. For these reasons, Plaintiff cannot maintain a false imprisonment action against Defendant Ogle for initiating his parole warrant and this claim should be dismissed.

### Plaintiff's Parole Warrant Was Valid

A parole warrant supported by reasonable cause is "sufficient to privilege the arrest and confinement even if the parole warrant is later declared invalid." Albergottie v. City, 08 Civ. 8331, 2011 U.S. Dist. LEXIS 155801, *22 (S.D.N.Y. Feb. 15, 2011) (citing Hardy v. Fisher, 701 F. Supp. 2d 605, 612-613 (S.D.N.Y. 2010). In this matter, the only facts cited by Plaintiff in the Operative Complaint to support his allegation that the subject parole warrant was "unlawful and wrongful" are facts suggesting the parole warrant was issued after his parole supervision period had ended. See Op. Comp., ¶¶ 7, 10 ("Plaintiff was no longer under the custody and control of NYS DOCCS since November 21st, 2018's maximum expiration date"). In fact, the subject parole warrant was issued by Defendant Ogle on August 23, 2018, almost three months prior to the date of Plaintiff's maximum expiration date and while Plaintiff still owed time on his sentence. See Blancato Decl., **Ex. A.** Importantly, as a matter of law, declarations of delinquency and the issuance of a parole warrant suspend the running of a sentence. See Penal Law § 70.45(5)(d)(iii) ("the declaration of delinquency shall interrupt the period of post-release supervision"); see Smith v. Duquesnay, 07 CV 2795, 2012 WL 1116450, at *9 (E.D.N.Y. Mar. 30, 2012) ("the parole violation resulted in both plaintiff's re-incarceration and recalculation of his maximum parole expiration date to extend beyond his prior maximum expiration date . . .").

Stated alternatively, the final declaration of delinquency, which does not occur until revocation, may establish the delinquency date retroactively and lead to recalculation of the maximum expiration date of the term, even if the underlying sentence has expired in the interim. See Warley v. Rodriguez, 145 A.D.2d 901, 901-02, (4th Dept. 1988) ("the new final declaration of delinquency, when issued, interrupted petitioner's sentence").

Thus, at the time Plaintiff was arrested, his criminal sentence was subject to extension by operation of law and the parole warrant was still valid on that basis. Accordingly, since Plaintiff alleges no other basis for why the parole warrant was invalid, Plaintiff cannot maintain a cause of action against Defendant Ogle for the issuance of the parole warrant, nor can he maintain a cause of action for the period of detention he served as a result of his arrest from the parole warrant (*prior* to his preliminary parole revocation hearing). This period of detention – from June 4, 2019 to June 19, 2019 – is based on a presumptively valid parole warrant, for which Plaintiff does not plead any deficiencies except for the claim that it was issued late. For the reasons stated above, this claim must fail.

## POINT II

**THE OPERATIVE COMPLAINT DOES NOT SUFFICIENTLY ALLEGE DELIBERATE INDIFFERENCE BY DEFENDANT OGLE IN PLAINTIFF'S DETENTION FOLLOWING HIS PAROLE REVOCATION HEARING**

A plaintiff asserting an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 "must meet two requirements. First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the charged official must act with a sufficiently culpable state of mind." Francis v. Fiacco, 942 F.3d 126, 150 (2d Cir. 2019) (internal quotation marks and citations omitted). "This standard requires that only the deliberate infliction of punishment, and not an ordinary lack of due care for prisoner interests or safety, lead to liability." Id.

7

Plaintiff fails to plead facts which reasonably imply that Defendant Ogle was deliberately indifferent to Plaintiff's prolonged incarceration after his preliminary parole revocation hearing. Instead, the facts as pleaded in the Operative Complaint suggest Defendant Ogle was negligent and even conciliatory about Plaintiff's detention as a whole (see Op. Compl., ¶ 10 ("Defendant Ogle agreed that this unlawful confinement was an error on his part")) and merely an incapable supervisor with regard to halting Plaintiff's confinement after the preliminary hearing (see Op. Compl., ¶ 14 ("Defendant Ogle failed to oversee the people he ordered to have the warrant lifted and vacated that cause[d] Plaintiff to remain imprisoned longer")). Even were these allegations true, this is an insufficient level of culpability. See Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) ("[personal involvement] requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply").

Our case bears a striking resemblance to the facts of Hurd v. Fredenburgh, 984 F.3d 1075 (2d Cir. 2021). Plaintiff in Hurd was an I/I who remained incarcerated by DOCCS 11 months past the date of his mandatory conditional release date when taking into consideration his jail time certification or jail time credit ("JTC"). See generally, Hurd, 984 F.3d 1075. Hurd filed a §1983 suit against Inmates Record Coordinator Stacey Fredenburgh, alleging that she coordinated with other DOCCS employees to reduce Mr. Hurd's jail-time credit so that he would not be released. Id. at 1082. The Second Circuit affirmed defendant's motion to dismiss on qualified immunity grounds, but also opined that while Mr. Hurd suffered a harm of "constitutional magnitude," he was likely not entitled to damages under § 1983, as there were insufficient factual allegations demonstrating Ms. Fredenburgh's culpability. See Id. at 1086 ("if a period of prolonged detention results from discretionary decisions made in good faith, mistake, or processing or other administrative delays, as opposed to the deliberate indifference of prison

8

officials, then there is no Eighth Amendment liability"). Moreover, the court found there must be a causal connection between the actions taken on behalf of the defendant and their deliberate indifference, which Mr. Hurd failed to properly plead. See id. ("if Fredenburgh could not do anything about Hurd's prolonged detention as a matter of law, then any deliberate indifference on her part would likely be irrelevant").

Plaintiff's suit against Defendant Ogle is similarly misguided. While Plaintiff is understandably frustrated at his prolonged detention after his parole warrant was lifted at his preliminary hearing, there are insufficient facts to properly allege that Defendant Ogle was personally involved with the requisite level of mental culpability. Defendant Ogle initiated the revocation of Plaintiff's parole but nothing in the Operative Complaint indicates Defendant Ogle maintained custody of Plaintiff, was present at his hearing, or was otherwise responsible for conveying the lifting of the parole warrant to NYC DOC. See generally, Op. Compl. Defendant Ogle was no more responsible in releasing Plaintiff from AMKC following his hearing than defendant Fredenburgh was in releasing Mr. Hurd. While Plaintiff pleads that Defendant Ogle "deliberately failed to act," (Op. Comp., ¶ 14), there are insufficient facts demonstrating how this is true. For these reasons, Plaintiff's false imprisonment claim against Defendant Ogle for the period of detention from June 19, 2019 to August 14, 2019, must also fail.

**POINT III**

**ANY CLAIMS AGAINST DEFENDANT OGLE IN HIS PERSONAL CAPACITIES ARE BARRED BY QUALIFIED IMMUNITY**

Government officials are entitled to qualified immunity when either (1) the "official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to

believe that her acts did not violate these clearly established rights. White v. Pauly, 137 S. Ct. 548, 551 (2017); Tenenbaum v. Williams, 193 F.3d 581, 596 (2d Cir. 1999).

"To determine whether the relevant law was clearly established, we consider the specificity with which a right is defined, the existence of Supreme Court or Court of Appeals case law on the subject, and the understanding of a reasonable officer in light of preexisting law. Even if this Court has not explicitly held a course of conduct to be unconstitutional, we may nonetheless treat the law as clearly established if decisions from this or other circuits clearly foreshadow a particular ruling on the issue." Terebesi v. Torreso, 764 F.3d 217, 231 (2d Cir. 2014) (quotes and citations omitted). The Supreme Court instructs "not to define clearly established law at a high level of generality." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). Given that "qualified immunity is not only a defense to liability, but also provides immunity from suit," a court should resolve a "defendant's entitlement to qualified immunity . . . 'at the earliest possible stage in [the] litigation.'" Lynch v. Ackley, 811 F.3d 569, 576 (2d Cir. 2016) (quoting Pearson v. Callahan, 555 U.S. 223, 231-32, (2009)).

Even assuming Plaintiff's rights were violated by not releasing him following his pre-trial hearing, the conduct of Defendant Ogle did not violate clearly established law at the time in question. As indicated above, Hurd addressed an analogous situation with a plaintiff who actually suffered a far greater deprivation, as he remained in custody 11 months following his maximum expiration date. See Hurd, 984 F.3d at 1082. Despite acknowledging the injury, the Second Circuit affirmed the motion to dismiss on behalf of defendants based on qualified immunity. See id. at 1092 ("it was clearly established that New York State could not detain Hurd past the expiration of his maximum sentence, but it was not clearly established that once

10

Hurd's conditional release date was approved, continued detention beyond that date qualifies as a constitutional harm for Eighth Amendment purposes").

If continued detention beyond a parolee's conditional release was not clearly established when <u>Hurd</u> was decided in January of 2021, it was not the law when this alleged injury happened to Plaintiff in the summer of 2019.  See <u>Matzel v. Annucci</u>, 64 F.4th 425, 436 (2d Cir. 2023) (granting defendants' motion to dismiss plaintiff's 8th Amendment claim for denying him a judicially ordered conditional release into DOCCS' Shock Incarceration Program because "<u>Hurd</u> . . . was decided on January 20, 2021.  Accordingly, at the time of the conduct in this case, that is 2017 and 2018, there was no precedent establishing that Defendants' conduct violated the Eighth Amendment").  Defendant Ogle did not violate Plaintiff's 8th Amendment rights but even if his rights were violated, there was not clearly established law interpreting his injury as an Eighth Amendment violation until 2021.  Accordingly, Defendant Ogle is entitled to qualified immunity.

## POINT IV

**THE ELEVENTH AMENDMENT BARS OFFICIAL CAPACITY DAMAGES CLAIMS**

Plaintiff's claims for damages against Defendant Ogle in his official capacity, to the extent pled, are barred by the Eleventh Amendment.  See <u>Seminole Tribe of Fla.</u>, 517 U.S. 44 (1996); <u>Farid v. Smith</u>, 850 F.2d 917, 921 (2d Cir. 1988) ("[t]he Eleventh Amendment bars recovery against an employee who is sued in his official capacity . . . 'a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself'" (quoting <u>Kentucky v. Graham</u>, 473 U.S. 159, 166–67 (1985)).  The appropriate course of action is to sue a defendant in his personal capacity.  However, the claims against Defendant Ogle in his personal capacity are barred for the reasons stated above.

## POINT V

### PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF APART FROM EIGHTH AMENDMENT VIOLATIONS

To the extent Plaintiff claims injuries in his Operative Complaint apart from Eighth Amendment violations, Plaintiff fails to state a claim on which relief may be granted. First, while Plaintiff claims negligence on the part of Defendant Ogle (see Op. Compl., pp. 1, 6) this is not actionable as a Constitutional claim. See Perkins v. Presley, 18-cv-03590, 2022 U.S. Dist. LEXIS 45006, 22-23 (S.D.N.Y. Mar. 14, 2022) (citing Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required"); see also, Kingsley v. Hendrickson, 576 U.S. 389, 425 (2015) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process"). To the extent Plaintiff claims his Fourteenth Amendment right to due process was violated (see Op. Compl., ¶ 19) this claim must also fail for the simple reason that Plaintiff was provided a hearing following his parole violation arrest.

The Fourteenth Amendment Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To succeed on a substantive due process claim a plaintiff must (1) "identify the constitutional right at stake" and (2) "demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Hurd, 984 F.3d at 1087. To satisfy the second prong, "[t]he interference with the plaintiff's protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." Southerland v. City of NY, 680 F.3d 127, 151, 152 (2d Cir. 2012).

New York law affords parolees with the right to a preliminary hearing within fifteen days after a parole warrant is executed. N.Y. EXEC. LAW § 259-i(3)(c)(i). This 15-day period has not only withstood due process challenges, but courts in this jurisdiction have held slight enlargements of the time period do not support Constitutional claims. See e.g., Uviles v. City of NY, 19-cv-3911, 2023 U.S. Dist. LEXIS 79012, at *14 (E.D.N.Y. May 5, 2023) ("violation[s] of the 15-day requirement in Exec. Law § 259-i does not automatically render the warrant void for purposes of a § 1983 claim, nor does it automatically give rise to a false imprisonment action").

Here, Plaintiff was arrested on June 4, 2019 and provided a preliminary parole revocation hearing on June 19, 2019, which was exactly fifteen days later. See Op. Compl., p. 9. The fact Plaintiff was not present at his hearing is immaterial; his parole warrant was lifted during the hearing anyways. Id. Therefore, not only was Plaintiff provided due process, but the process rendered a result in his favor. For these reasons, Plaintiff's due process claim must fail.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its motion to dismiss Plaintiff's Operative Complaint its entirety and enter judgment dismissing all claims against Defendant Ogle, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 4, 2023

        LETITIA JAMES
        Attorney General for the State of New York
        Attorney for Defendant
        */s/ Andrew Blancato*
        Andrew Blancato
        Assistant Attorney General
        28 Liberty Street
        New York, New York 10005
        Tel. (212) 416-6359
        Andrew.Blancato@ag.ny.gov