UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
SAUL SABINO,

                Plaintiff,

   -against-

JAMES OGLE, CITY OF NEW YORK.

                Defendants.
-------------------------------------------------------X

20-CV-5861 (EK) (JRC)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SABINO'S MOTION TO DISMISS THE COMPLAINT**

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted on behalf of Defendant James Ogle in further support of his motion to dismiss Plaintiff Saul Sabino's Second Amended Complaint ("Operative Complaint" or "Op. Compl.") filed July 17, 2023 (Dkt. No. 92). On July 18, 2018, Plaintiff was released from custody into parole supervision by the New York State Department of Corrections and Community Supervision ("DOCCS").[1] Plaintiff was then arrested by the New York City Police Department on June 4, 2019 on an outstanding parole warrant. See Op. Compl., ¶ 6. Plaintiff claims this warrant was "invalid," because the maximum expiration date for his criminal sentence was November 21, 2018. Id. at ¶ 7. Thereafter, Plaintiff claims that he was detained in the New York City Department of Correction custody for seventy-two (72) days before being released on August 15, 2019. Id. at ¶ 13.

Defendant Ogle moved to dismiss Plaintiff's Operative Complaint on August 4, 2023 arguing that (1) Defendant Ogle was privileged in issuing Plaintiff's parole warrant; (2) Plaintiff did not sufficiently allege deliberate indifference by Defendant Ogle in the operative complaint; (3) all claims against Defendant Ogle in his personal capacity are barred by qualified immunity;

---

[1] Plaintiff has since been re-arrested and is currently serving his criminal sentence in Edgecombe Residential Treatment Facility.

1

(4) Plaintiff fails to state a claim for relief apart from Eight Amendment violations; and (5) Plaintiff's official capacity claims are barred by the Eleventh Amendment. Plaintiff filed an Opposition ("Plaintiff Opposition" or "Pl. Opp.") on or around September 1, 2023,[2] arguing that Defendant Ogle does not maintain a privilege against his allegedly false arrest; plaintiff sufficiently pled facts in the Operative Complaint to survive both Defendants' motions to dismiss;[3] and that Defendant Ogle is not entitled to qualified immunity. See Pl., Opp, p. 1.

For the foregoing reasons, the allegations made in Plaintiff's opposition brief are inaccurate and unsupported. Accordingly, Defendant Ogle's motion to dismiss should be granted.

## ARGUMENT

## POINT I

### DEFENDANT OGLE IS NOT LIABLE FOR PLAINTIFF'S ARREST

In the Operative Complaint, Plaintiff accuses Defendant Ogle of false arrest and false imprisonment based on the fact he was arrested and detained on a parole warrant. See Op. Compl., ¶¶ 1, 6. To establish a false arrest claim, however, a plaintiff must show that his confinement was not privileged. Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003). Imprisonment pursuant to a regularly issued warrant bestows immunity onto parole officers as the warrant "may constitute a privileged detention sufficient to defeat a civil action for false imprisonment." Sowell v. Annucci, 22-CV-6538 (LTS), 2023 U.S. Dist. LEXIS 109345 at *16–17 (S.D.N.Y. June 26, 2023) (quoting Uviles v. City of New York, 19-CV-3911 (BMC), 2023 WL 3266838 at * 13 (E.D.N.Y. May 5, 2023)). Included in these acts are decisions to revoke parole or initiate parole

---

[2] In his opposition, Plaintiff repeatedly refers to Defendant Ogle's motion to dismiss as a motion for summary judgment, likely based on the disclosure of Local Civil Rule 12.1. Notwithstanding the Court's potential to convert the subject motion into a motion for summary judgment, the underlying motion filed by Defendant Ogle will be referred to herein as a motion to dismiss.
[3] Defendant City of New York moved to dismiss Plaintiff's Operative Complaint on August 7, 2023 (Dkt. No. 99).

revocation proceedings. Anderson v. NYS Div. of Parole, 546 F. Supp. 816, 825 (S.D.N.Y. 1982) ("the officers who initiate and present the [parole revocation] case against the releasee are engaging in quasi-prosecutorial conduct").

Parole revocation is precisely the allegation made against Defendant Ogle in the Operative Complaint. See Op. Compl. ¶ 10. Attached to the Declaration of Andrew Blancato in the underlying motion as **Exhibit A** is a copy of Parole Warrant 803096 dated August 23, 2018 and signed by Defendant SPO James Ogle, the same warrant that was the subject of Plaintiff's preliminary hearing on June 19, 2019. See Blancato Decl., **Ex. A**, Dkt. No. 96. And although Plaintiff claims the subject warrant was invalid because the parole warrant was issued after his parole supervision period had ended, this is inaccurate. See Op. Comp., ¶¶ 7, 10 ("Plaintiff was no longer under the custody and control of NYS DOCCS since November 21st, 2018's maximum expiration date"). The parole warrant was issued by Defendant Ogle on August 23, 2018, almost *three months prior* to the date of Plaintiff's maximum expiration date and while Plaintiff still owed time on his sentence. See id, **Ex. A.** Importantly, declarations of delinquency and the issuance of a parole warrant suspend the running of a sentence. See Penal Law § 70.45(5)(d)(iii) ("the declaration of delinquency shall interrupt the period of post-release supervision"); see Smith v. Duquesnay, 07-CV-2795, 2012 WL 1116450, at *9 (E.D.N.Y. Mar. 30, 2012) ("the parole violation resulted in both plaintiff's re-incarceration and recalculation of his maximum parole expiration date to extend beyond his prior maximum expiration date . . ."). Plaintiff was therefore arrested on a valid parole warrant, which has been recognized by courts in this jurisdiction as an act which conveys privilege on the issuer.

In opposition, Plaintiff claims that Defendant Ogle is "not privileged in issuing an invalid parole warrant since by law plaintiff no longer was part of the custody and authority of parole post

3

11/21/2018." Pl. Opp., p. 1. Plaintiff's post-release supervision was paused based on his declaration of delinquency, and he was therefore still subject to conditions of parole. For these reasons, the false arrest claims against Defendant Ogle should be dismissed.

## POINT II

### THE COMPLAINT FAILS TO ALLEGE DELIBERATE INDIFFERENCE BY DEFENDANT OGLE

Plaintiff's prolonged detention following his preliminary parole revocation hearing cannot be redressed by suing Defendant Ogle for an Eight Amendment violation. A plaintiff asserting an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 "must meet two requirements. First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the charged official must act with a sufficiently culpable state of mind." Francis v. Fiacco, 942 F.3d 126, 150 (2d Cir. 2019) (internal quotation marks and citations omitted). "This standard requires that only the deliberate infliction of punishment, and not an ordinary lack of due care for prisoner interests or safety, lead to liability." Id. Plaintiff fails to plead facts which reasonably imply that Defendant Ogle was deliberately indifferent to Plaintiff's prolonged incarceration after his preliminary parole revocation hearing. Instead, the facts as pleaded in the Operative Complaint suggest that Defendant Ogle was, at worst, negligent and even conciliatory about Plaintiff's detention as a whole (see Op. Compl., ¶ 10 ("defendant Ogle agreed that this unlawful confinement was an error on his part")) and merely a poor supervisor with regard to halting Plaintiff's confinement after the preliminary hearing (see Op. Compl., ¶ 14 ("defendant Ogle failed to oversee the people he ordered to have the warrant lifted and vacated that cause[d] plaintiff to remain imprisoned longer")). Even were these allegations true, this is an insufficient level of culpability. See Ayers v. Coughlin, 780 F.2d 205, 210 (2d Cir. 1985) ("[personal involvement] requires a showing of more than the linkage in the prison chain of command; the doctrine of respondeat superior does not apply"); Hurd v.

4

Fredenburgh, 984 F.3d 1075, 1086 (2d Cir. 2021) ("if a period of prolonged detention results from discretionary decisions made in good faith, mistake, or processing or other administrative delays, as opposed to the deliberate indifference of prison officials, then there is no Eighth Amendment liability").

In opposition, Plaintiff claims he "provided beyond sufficient facts to demonstrate defendant Ogle's deliberate indifference . . . even after being informed early of his wrongs." Pl. Opp., p. 1. While Plaintiff does allege in the Operative Complaint that Defendant Ogle allegedly conceded to Plaintiff that Plaintiff's confinement "was an error on his part," (see Op. Compl., ¶ 10), this fails to demonstrate the requisite level of culpability, especially in light of the fact the parole warrant was valid on its face, as described above. See Baker v. McCollan, 443 U.S. 137, 144 (1979) ("respondent was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment"). Accordingly, Plaintiff's cause of action against Defendant Ogle for deprivation of his Eighth Amendment rights should be dismissed.

## POINT III

## DEFENDANT OGLE IS ENTITLED TO QUALIFIED IMMUNITY

Even if Defendant Ogle had been personally involved in Plaintiff's alleged constitutional deprivation, he is entitled to qualified immunity. Government officials are entitled to qualified immunity when either (1) the "official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" or (2) it was objectively reasonable for the official to believe that her acts did not violate these clearly established rights. White v. Pauly, 137 S. Ct. 548, 551 (2017); Tenenbaum v. Williams, 193 F.3d 581, 596 (2d Cir. 1999).

Even assuming Plaintiff's rights were violated by not releasing him following his pre-trial hearing, the conduct of Defendant Ogle did not violate clearly established law at the time in question. As cited above, Hurd v. Fredenburgh addressed an analogous situation with a plaintiff who remained in custody 11 months following his maximum expiration date. See Hurd, 984 F.3d at 1082. Despite acknowledging the injury, the Second Circuit affirmed the motion to dismiss on behalf of defendants based on qualified immunity, stating that "it was clearly established that New York State could not detain Hurd past the expiration of his maximum sentence, but it was not clearly established that once Hurd's conditional release date was approved, continued detention beyond that date qualifies as a constitutional harm for Eighth Amendment purposes". Id. at 1092.

If continued detention beyond a parolee's conditional release was not clearly established when Hurd was decided in January of 2021, it was not the law when this alleged injury happened to plaintiff in the summer of 2019. See Matzel v. Annucci, 64 F.4th 425, 436 (2d Cir. 2023) (granting defendants' motion to dismiss plaintiff's 8th Amendment claim for denying him a judicially ordered conditional release into DOCCS' Shock Incarceration Program because "Hurd . . . was decided on January 20, 2021. Accordingly, at the time of the conduct in this case, that is 2017 and 2018, there was no precedent establishing that defendants' conduct violated the Eighth Amendment"). Defendant Ogle did not violate Plaintiff's Eighth Amendment rights but even if his rights were violated, there was not clearly established law interpreting his injury as an Eighth Amendment violation until 2021.

In opposition, Plaintiff claims that Defendant Ogle's actions "violated clearly established laws" but fails to elaborate. See Pl. Opp., p. 1. In the absence of any evidence or authority stating otherwise, Defendant Ogle is entitled to qualified immunity.

## POINT IV

## PLAINTIFF'S ALLEGATIONS FAIL TO STATE A CLAIM

To the extent Plaintiff claims injuries in his Operative Complaint apart from Eighth Amendment violations, he fails to state a claim on which relief may be granted. First, while Plaintiff asserts negligence on the part of Defendant Ogle (see Op. Compl., pp. 1, 6), this is not actionable as a Constitutional claim. See Perkins v. Presley, 18-cv-03590, 2022 U.S. Dist. LEXIS 45006, 22-23 (S.D.N.Y. Mar. 14, 2022) (citing Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required"); see also, Kingsley v. Hendrickson, 576 U.S. 389, 425 (2015) ("liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

Second, to the extent that Plaintiff claims his Fourteenth Amendment right to due process was violated (see Op. Compl., ¶ 19) this claim must also fail for the simple reason that Plaintiff was provided a hearing following his parole violation arrest. The Fourteenth Amendment Due Process Clause prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To succeed on a substantive due process claim, a plaintiff must (1) "identify the constitutional right at stake" and (2) "demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." Hurd, 984 F.3d at 1087. To satisfy the second prong, "[t]he interference with the plaintiff's protected right must be so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even were it accompanied by full procedural protection." Southerland v. City of NY, 680 F.3d 127, 151, 152 (2d Cir. 2012).

Here, Plaintiff was arrested on June 4, 2019 and provided a preliminary parole revocation hearing on June 19, 2019, which was exactly 15 days later. See Op. Compl., p. 9. While Plaintiff

7

was not present at his hearing, a period of 15 days (and greater in some circumstances) between arrest and parole hearing has withheld constitutional scrutiny.  See e.g., Uviles v. City of NY, 19-cv-3911, 2023 U.S. Dist. LEXIS 79012, at *14 (E.D.N.Y. May 5, 2023) ("violation[s] of the 15-day requirement in Exec. Law § 259-i does not automatically render the warrant void for purposes of a § 1983 claim, nor does it automatically give rise to a false imprisonment action").

In opposition, Plaintiff fails to demonstrate his entitlement to relief under the Fourteenth Amendment or otherwise, exclusive of the Eighth Amendment.  Accordingly, these claims should be dismissed.

## CONCLUSION

For the reasons set forth in his moving brief and this Reply Memorandum of Law, Defendant Ogle respectfully requests that the Court grant his motion to dismiss Plaintiff's Operative Complaint in its entirety and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
        September 26, 2023

      Respectfully submitted,

      LETITIA JAMES
      Attorney General of the
      State of New York
      Attorney for Defendant
      By:

      */s/ Andrew Blancato*
      Andrew Blancato
      Assistant Attorney General
      28 Liberty Street
      New York, NY 10005
      (212) 416- 6359