```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  SAUL SABINO,

                    Plaintiff,            MEMORANDUM & ORDER
                                          20-CV-5861 (EK)(JRC)

          -against-

  CITY OF NEW YORK and JAMES OGLE,


                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The defendants have moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6). The City asserts, among other things, that Sabino's claims against it are barred by two general releases he signed. *See* Memorandum in Support of New York City's Motion to Dismiss, ECF No. 99.

In connection with its motion, the City attached two general releases, purportedly signed by Sabino on January 9, 2021, ECF No. 99-1, and November 27, 2021. ECF No. 99-2. The City argues that those releases extend to Sabino's current claims.

The court intends to consider these materials. Rule 12(d) provides that if, on a Rule 12(b)(6) motion, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment,"

and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Accordingly, a district court must ensure that there has been "sufficient notice to an opposing party and an opportunity for that party to respond." *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009).

The City previously served Sabino with a copy of Local Rule 12.1. ECF No. 101. That notice advised him that the defendant "has submitted additional written materials" and that "the Court may treat this motion as a motion for summary judgment." Local Rules of the Eastern and Southern Districts of New York, Rule 12.1. The notice further informed Sabino that he "must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim." *Id.* Still, it may not be "obvious to a layman that when his opponent files a motion for summary judgment supported by [documentary evidence] he must file his own [supporting documents] contradicting his opponent's if he wants to preserve factual issues for trial." *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988).

Accordingly, and in an abundance of caution, the parties are hereby directed to file any additional material that they believe raises a genuine issue of material fact bearing on the releases at issue. The parties may submit any "documents,

electronically stored information, affidavits or declarations," or any other materials contemplated by Rule 56(c) to support their factual positions — namely, to establish the scope of the releases, their enforceability, and / or timing.  Any such material shall be due by April 26, 2024.  The parties may file supplemental letters of five pages or less addressing any such submissions, if they choose, by May 10, 2024.

The Clerk of Court is respectfully directed to mail, and reflect such mailing publicly on the docket, a copy of this Order, a copy of Rule 56 of the Federal Rules of Civil Procedure, and a copy of Local Rule 56.2 ("Notice to Pro Se Litigant Who Opposes a Summary Judgment") to plaintiff Sabino at the address listed on the docket.

SO ORDERED.

        /s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   April 5, 2024
        Brooklyn, New York